IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CHRISTOPHER JAMIE DAVIS,**

   Petitioner,

v.                Civil Action No.: 3:20-CV-39
                    (GROH)

**WARDEN HUDGINS,**

   Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On March 3, 2020, Christopher Jamie Davis, an inmate at Gilmer[1] FCI, acting pro se, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1.[2] Petitioner is challenging the validity of his conviction and sentence from the District of South Carolina where he entered a conditional plea of guilty to count three of the the indictment charging him with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c) and agreed pursuant to F.R.Cr.P. 11(c)(1)(C) to a stipulated sentence of twenty (20) years. ECF No. 58, 4:12CR267 (D.S.C.). He was sentenced to 240 months imprisonment and 5 years of supervised release. See Judgment, ECF No. 67, 4:12CR267 (D.S.C.).

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the

---

[1] Accordingly to https://www.bop.gov/inmateloc/, the Defendant is now housed at Milan FCI in MI.
[2] All CM/ECF references refer to the instant action, 3:20CV39, unless otherwise noted.

Petition be denied and dismissed without prejudice for lack of jurisdiction.

## II. FACTUAL AND PROCEDURAL HISTORY[3]

### A. Conviction and Sentence in the District of South Carolina

On March 27, 2012, Petitioner was charged in a three count indictment with possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count One); felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2) and 924(e) (Count Two); and using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). ECF No. 2. On September 27, 2012, Defense counsel Assistant Federal Public Defender James P. Rogers filed a motion to suppress the evidence seized at a traffic stop from a bag found by police under the vehicle. ECF No. 45. This Court held a hearing and denied the motion by written order, finding that Petitioner abandoned the bag by attempting to secrete it under the car during the traffic stop and that he therefore had no objectively reasonable expectation of privacy in its contents. ECF 55. Petitioner conditionally pleaded guilty to Count Three of the indictment on November 28, 2012, agreeing to a stipulated sentence of twenty (20) years and preserving his right to appeal the ruling on the suppression motion. On April 10, 2013, the court sentenced Petitioner to 240 months imprisonment [twenty (20) years], followed by a five (5) year term of supervised release.

---

[3] All CM/ECF references in facts sections II.A., II.B and II.C. refer to entries in the docket of Criminal Action No. 4:12CR267, in the District of South Carolina. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record").

### B. Direct Appeal

The Petitioner appealed the District Court of South Carolina's ruling on the suppression motion to the Fourth Circuit Court of Appeals.  ECF No. 73. On June 30, 2014, the Fourth Circuit affirmed the District Court of South Carolina's decision holding that the probable cause to search the car extended to the bag and that the search of the bag was a reasonable search under the Fourth Amendment. ECF 78.

### C. Post-Conviction Motions

On April 9, 2015, Petitioner filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 80. On August 4, 2015, the District Court denied that motion stating that no drug weights were involved in the sentencing calculations and therefore he did not qualify for a reduction. ECF No. 93.

On July 28, 2015, Petitioner Davis filed a pro se § 2255 Motion, arguing that his trial counsel denied him effective assistance of counsel by failing to properly investigate the case; advising him not to accept a favorable plea deal early in the case; and failing to appeal the sufficiency of the evidence. ECF No. 107.

On April 18, 2016, the district court denied Peitioner's pro se § 2255 Motion on all three grounds and declined to issue a certificate of appealability.  ECF 107.

### D. Claims in the Instant § 2241 Petition

Petitioner instituted this action on March 3, 2020.  ECF No1. In his petition, Petitioner asserts three grounds for relief: (1) Petitioner is innocent of being a career offender because the prior convictions used to enhance his sentence do not qualify him as a career offender under U.S.S.G. 4B1.2(b).  (2) The Petitioner was unlawfully convicted because he did not possess the gun and drugs.  They were under the car when

the vehicle was towed. and 3) Pursuant to the ruling in Rehaif v. United States, 139 S.Ct. 2191 (2019), Petitioner claims that the government failed to prove the necessary element that he knowingly possessed a firearm. ECF No. 1-1.

Petitioner requests his conviction and sentence be vacated. ECF No. 1 at 8.

### III.  LEGAL STANDARDS

#### A.  Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the district court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b), Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.  Pro Se Litigants

Courts must read pro se allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded

4

by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

## IV. ANALYSIS

Petitioner asserts three grounds for relief: (1) Petitioner is innocent of being a career offender because the prior convictions used to enhance his sentence do not qualify him as a career offender under U.S.S.G. 4B1.2(b). (2) The Petitioner was unlawfully convicted because he did not possess the gun and drugs. They were under the car when the vehicle was towed. and 3) Pursuant to the ruling in Rehaif v. United States, 139 S.Ct. 2191 (2019), Petitioner claims that the government failed to prove the necessary element that he knowingly possessed a firearm. ECF No. 1-1.[5]

### A. Petitioner's Challenge to his Conviction

Prisoners seeking to challenge the validity of their convictions or sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

[5] The Petitioner alleges he was convicted and sentenced on all three counts of the indictment and his grounds for relief address issues on counts to which he was NOT convicted.

5

execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[6] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n.5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[7] and the standard is an exacting one. The Fourth Circuit has

---

[6] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).
[7] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34. Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2)

7

>for second or successive motions; and

>(4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id. Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

Because Petitioner's direct appeal rights have expired and Petitioner has already filed at least one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause. Because Petitioner's arguments do not rely on newly discovered evidence or a new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause. Because Petitioner is challenging his conviction in a § 2241, he must meet all three prongs of the Jones test to challenge his conviction for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first and third prongs of the Jones test, he cannot meet the second prong as to those grounds in his petition which challenge his conviction. Subsequent to Petitioner's direct appeal and first § 2255 motion, the substantive law related to the conduct of which Petitioner was convicted has not changed

8

so that that conduct is no longer deemed to be criminal.[8] Therefore, Petitioner cannot satisfy the second prong of Jones. Accordingly, because Petitioner cannot satisfy the savings clause of § 2255(e) under Jones, his challenge to his conviction may not be considered under § 2241, and this Court is without jurisdiction to consider that challenge.

Further, even if Petitioner could meet all three prongs of the Jones test, his claims do not merit relief. Petitioner plead guilty to possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c) and agreed to a F.R.Cr.P. 11(c)(1)(C) stipulated sentence of 20 years. ECF No. 58 at 8, 4:12CR267(D.S.C.). Accordingly, he was not sentenced as a career offender as he alleges in ground one. ECF No. 75, 4:12CR267(D.S.C.).[9] As for grounds two and three, while Petitioner discusses count one of the indictment, possession with intent to distribute crack cocaine and count two of the indictment, felon in possession[ECF No. 1-1 at 5-8], both of these charges were dismissed when he pleaded guilty and was sentenced to count three. ECF No. 75 at 10, 4:12CR267(D.S.C.). With regard to count three of the Indictment, Petitioner stated during his plea hearing that he understood all the elements of that crime; that he agreed with the factual basis set forth by the government which supported each element

---

[8] Although Petitioner cites to the Rehaif case in support of ground three of his Petition, Petitioner was not convicted or sentenced to the charge of felon in possession in violation of 18 U.S.C. 922(g)(1). Instead, he plead guilty to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c)(1)(A), which does not have the same elements as the charge of felon in possession and therefore is factually dissimilar to Rehaif. Regardless, The Supreme Court in Greer v. United States, 141 S.Ct. 2090 (2021) (vacating and remanding United States v. Gary, 954 F.3d 194 (4th Cir. 2020)), held that the government's failure to prove the element of knowingly being a person in a prohibited class is not a structural error.  The Court explained that it "has repeatedly made clear [that] the 'general rule' is that 'a constitutional error does not automatically require reversal of a conviction," and that "[o]nly in a 'very limited class of cases' has the Court concluded that an error is structural, and 'thus subject to automatic reversal' on appeal." Id. at 2099 (internal citations omitted).

[9] The court accepted the Petitioner's agreed sentence of 20 years so the Defendant's career offender status is irrelevant. However, the Court notes that the stipulated sentence fell slightly below the the applicable guidelines. ECF No. 75, 4:12CR267(D.S.C.). The maximum penalty for count three was up to life imprisonment, a fine of $250,000, and up to 5 years of supervised release. Id.

9

of the crime and that he was in fact guilty of that crime, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. 924(c). ECF No. 76 at 25-28, 4:12CR267(D.S.C.).

The Fourth Circuit has recognized that, "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields v. Attorney General of State of Md., 956 F.2d 1290, 1299 (4th Cir. 1992) (citing Blackledge v. Allison, 431 U.S. 63, 74–75 (1977)); Little v. Allsbrook, 731 F.2d 238, 239–40 n.2 (4th Cir.1984). Accordingly, even if this Court were to consider the merits of Petitioner's challenge to his conviction, his claim fails.

### B. Petitioner's Challenge to his Sentence

Petitioner's request for relief as to his sentence under § 2241 is unavailable. Even if Petitioner meets the other prongs of Wheeler, Petitioner cannot meet the second prong, which requires a showing that subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review. None of the cases cited in Petitioner's case are applicable to his conviction and sentence and even if they were none have changed the substantive law or been deemed to apply retroactively. [10] Accordingly, Petitioner cannot meet the second prong of the Wheeler test. However, a Petitioner who challenges his sentence in a § 2241, must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear any challenge on the merits. Because Petitioner cannot meet the second prong of the Wheeler test, Petitioner fails to satisfy the § 2255(e) savings clause

---

[10] Although Petitioner was not convicted and sentenced as a felon in possession, Petitioner cites to Rehaif and requests that his conviction and sentence be vacated even though it is not applicable to his case. Regardless, Rehaif did not change substantive law and has not been ruled to apply retroactively to cases on collateral review.

10

and this Court need not consider whether he meets the other prongs of Wheeler. Further, the Court notes that Petitioner has already sought and been denied relief under § 2255, in the District of South Carolina, 4:12CR267.[11]

Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition as to his challenge to his sentence. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93–103 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition **[ECF No. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page

---

[11] The Court notes that in his § 2255 case, the District Judge held that the evidence of the crime of which the Defendant plead guilty was sufficiently set forth during the Plea Hearing. ECF No. 107, 4:12CR267(D.S.C.). The Petitioner testified at the plea hearing that all the elements of the offense were satisfied by the evidence presented. ECF No. 76, 4:12CR267(D.S.C.). Further, the Court referred to its Order [ECF No. 55] denying the motion to suppress as further evidence supporting the conviction. ECF No. 107, 4:12CR267 (D.S.C.).

11

limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the pro se Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: November 30, 2021

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE